# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 18-00016-CG |
| ) | |
| JAMES DARREN NORRIS ) | |
|    aka BUCK ) | |
| ) | |
|    Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS in the Information in the above-entitled case, the United States sought forfeiture of firearms used in knowing violation of Title 18, United States Code, Sections 922(g)(1) and (g)(3) by the defendant, **JAMES DARREN NORRIS**;

AND WHEREAS based upon the Superseding Indictment, and the plea agreement entered on April 13, 2018, at which time the defendant, **JAMES DARREN NORRIS,** confessed to the forfeiture;

AND WHEREAS the United States has submitted evidence in support of forfeiture of the property described below and established the requisite nexus between the property and the offense, and for the reasons stated, it is hereby;

ORDERED, ADJUDGED AND DECREED, that pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2(b), the property identified as follows is hereby forfeited to the United States, for disposition according to law:

a. One Laseraim Arms Inc. Series III Pistol, CAL: 45, SN: E00678;

b. One Savage 9478 Shotgun, CAL: 12, SN: E755052;

c. 1 Round Winchester-Western Ammunition, CAL: 12;

d. 12 Rounds Assorted Ammunition, CAL: Multi;

e. 9 Rounds Winchester-Western Ammunition, CAL: 12;

f. 42 Rounds Assorted Ammunition, CAL: 22;

g. 3 Rounds Federal Ammunition, CAL: 45;

h. 1 Round Federal Ammunition, CAL: 12;

i. 9 Rounds Assorted Ammunition, CAL:12;

j. 7 Rounds CCI Ammunition, CAL: 9;

k. 15 Rounds CCI Ammunition, CAL: 22;

l. 12 Rounds Assorted Ammunition, CAL: 12;

m. 12 Rounds Assorted Ammunition, CAL: 12.

AND WHEREAS, by virtue of said guilty plea, confession of forfeiture, and nexus between the property and the offense, the United States is now entitled to, pending possible appeal herein, reduce the said property to its possession and notify any and all potential third parties of this Order who have or may have an interest in the forfeited property, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED AND DECREED**:

That based on the foregoing and Fed.R.Crim.P 32.2(b), the above-described property is hereby forfeited to and vested in the United States of America for disposition according to law, subject to the provisions of Title 21, United States Code, Section 853(n).

That the aforementioned property is authorized to be held by the United States Marshals Service or other duly authorized agency involved in this case to retain in their secure custody and control and dispose of it in accordance with law.

Following issuance of this Order the government must publish notice of it, and send notice to any person who reasonably appears to be a claimant with standing to contest the forfeiture in an ancillary proceeding. Rule 32.2(b)(6)(A) and (D). Further, pursuant to the Attorney General's authority to determine the manner of publication of an Order of Forfeiture provided by Title 21, U.S.C., § 853(n)(1), and in accordance with the acceptable means of publication described by Rule 32.2(b)(6)(C), as further described in the provisions of Supplemental Rule of G(4) of the Federal Rules of Civil Procedure, the United States shall publish notice of this order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

The notice sent and published must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. Rule 32.2(b)(6)(B). More specifically, said notice shall state that any person, other than the defendant, having or asserting a legal interest

in any property ordered forfeited to the United States, may within 30 days of the final date of publication of notice or his receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of his alleged interest in the property. 21 U.S.C. § 853(n)(1).  It shall further state that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title or interest, and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2)-(3).

The petition must be filed with the Clerk of the Court, 113 St. Joseph Street, Mobile, Alabama 36602 and a copy served upon Assistant United States Attorney, Gloria A. Bedwell, 63 South Royal Street, Suite 600, Mobile, Alabama 36602.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third-party petitions. 21 U.S.C. § 853(n)(7).  If no third party files a timely claim, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**DONE and ORDERED** this 1st day of May, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE